IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES D. REED AND DEBORAH REED, | : : : |
| Plaintiffs/Counterclaim Defendants, | : : : |
| v. | : : : |
| COLUMBIA GAS TRANSMISSION, LLC, | : : : |
| Defendant/Counterclaimant. | : : |

Case No. 2:22-cv-3417-JLG-KAJ

Judge James L. Graham

Magistrate Judge Kimberly A. Jolson

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO EXTEND CASE SCHEDULING DEADLINE**

Plaintiffs, James D. and Deborah Reed (hereinafter "Reed"), hereby submit their Memorandum in Opposition to the Motion to Extend Case Scheduling Order of Defendant Columbia Gas Transmission, LLC ("Columbia"), and state as follows:

Columbia advances the proposition that the Plaintiffs' allegations about the damage that Columbia did to their driveway during their 2020 plugging operations of its Storage Well #9172 is a new raised issue. It is not.

In Paragraph 43 of the initial Complaint filed in State Court on April 23, 2022 Plaintiff alleged as follows:

> *"In addition to advising Plaintiff of its intent to breach its lease obligations by terminating Plaintiff's free gas service, Defendant has recently began destroying trees on Plaintiff's property and otherwise damage Plaintiff's driveway parcel and the 38 acre parcel as part of it plugging operations for Well #9172."*

This same allegation was raised again at the time of the filing of Plaintiffs' Amended Complaint on April 18, 2023 at Paragraph 46.

Previously on November 9, 2022, the undersigned provided Columbia's then counsel,

Jerome Cook, with a copy of Professional Engineer Wayne Custer's Expert Report dated November 3, 2022 setting forth his opinion that the integrity of the of Reed's existing driveway will be jeopardized by Columbia's excavation project, which was ongoing at the time of his site visit of October 10, 2022.  An excerpt of his report states as follows:

> In certain sections the south edge of the driveway is within eight feet or so from the top of the newly cut embankment which is a dangerous situation especially in situations where there is snow and ice involved.
>
> You asked me to opine as to whether or not the integrity of the existing driveway is likely to be jeopardized by the excavation project.  Clearly it will be as over time it will erode / slide away especially given the natural sloping of the land to the north of the driveway combined with the severe drop-off created by the excavation project.  The fact that the area has been stripped of any trees and ground cover very likely will accelerate this occurrence.  Thus in my opinion as a result of the recent excavation work, unless large scale remedial efforts are undertaken soon to secure the embankment, the driveway will erode away.
>
> In short, there exists a serious slope stabilization problem that will require substantial remedial efforts to adequately address. We need to know when the gas company intends to remove the recently built wooden 'football field', and how they intend to address the existing embankment destabilization that was created by the excavation and denuding the gas company carried out.
>
> In my opinion, there is additionally an immediate safety hazard which was created by the excavation that I recommend be immediately addressed with the installation of an approved galvanized steel highway guardrail on the South side of the driveway to keep vehicles that could slide off the driveway from doing so in slippery road conditions.

A copy of Mr. Custer's initial report is attached hereto as Exhibit A.  As can be seen in the photographs attached to Mr. Custer's Report, Columbia's plugging and excavation work on the Reed's property was still ongoing at the time of Mr. Custer's November 10, 2022 visit to the property.

Thereinafter on February 24, 2023 as part of its responses to Columbia's Requests to Produce Document, Plaintiffs produced Mr. Custer's February 17, 2023 Supplemental Report

Page 2 of 5

within which Custer describes his return to the property for a follow up inspection on February 8, 2023 after Columbia completed its site remediation work. The Report is attached as Exhibit B.

The point of all of this is that Columbia was placed on notice of the Plaintiffs' concerns about what impact Columbia's project might have on the narrow "flagpole shaped" parcel of land upon which the driveway rests.  As can be appreciated from the attached legal description from the property set forth in the Deed from Creative Stucco to the Reeds, attached hereto as Exhibit C, the width of the driveway parcel is only 25 feet in the area of the plugging operations.  Therefore, Plaintiff has raised the issue about the potential damage to the integrity of their driveway in April of 2022, which was before Columbia even began the plugging project in July of 2022, per Columbia's notice via its then counsel on June 17, 2022 attached hereto as Exhibit D. Therefore, it can be easily concluded that the complaints about the damage done to the driveway are not new allegations raised in February of this year as Columbia asserts on Page 1 in its Memorandum in Support.

When Columbia's counsel first contacted the undersigned about the desire to extend the existing case schedule to accommodate its expert's involvement in the case, questions were raised about the nature of the testing that Columbia's expert wanted to perform because of a concern that such testing would further damage the integrity of the driveway.

In the effort to avoid a discovery dispute, the Reeds through their counsel on May 16, 2023 drafted and submitted the Proposed Indemnity Agreement, attached as Exhibit E, of less than two full pages.

In reviewing the Declaration filed by Columbia of David Sykora, it is his intent to take bore samples from both the hillside underlying the Reeds' driveway and the driveway itself. He does not specify the number or size of the bores he intends to have made but does reference the

need to enlist the help of a "drilling crew" to actually perform the bores, which leads to the conclusion that heavy equipment will be utilized for the task on and around a graveled residential driveway whose integrity and safety is already an issue.

Plaintiffs' submit that given the concerns that both they and their exert have about the existing integrity about their driveway, it is not unreasonable for them to expect that in the event that the boring activities that Columbia wants to perform will further damage the driveway that Columbia will be financially responsible for any such damage. Whenever potential destructive testing is involved, it is equitable that the party conducting that testing be totally responsible for all adverse consequences of the testing, as long as liability can be established.

With the conditions outlying in the attached Exhibit E, to wit: that the testing take place at a time acceptable to the Plaintiffs so that their counsel and Engineering Expert, Wayne Custer, can be present and that Columbia will take all necessary steps so as to repair any and all damages associated with the testing and it will share upon completion with undersigned the data associated with the analysis of the testing and the boring samples taken and that Columbia will be responsible for any and all of the Reeds' damages attributed to the testing that Columbia carries out, all is provided in the Proposed Indemnity Agreement, the Reeds are willing to agree to the revised Scheduling Order requested by Columbia.

    Respectfully submitted,

    */s/Mickellea M. Tennis*
John M. Snider (0024281)
Mickellea M. Tennis (0099955)
STEBELTON & SNIDER, LPA
109 North Broad Street, Suite 200
P.O. Box 130
Lancaster, OH 43130
Tel: (740) 654-4141, Fax: (740) 654-2521
jms@stebelton.com

mmt@stebelton.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon the following through the Court's Electronic Filing System, this 19th day of June, 2023:

Christopher Rogers, Esq.
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
crogers@beneschlaw.com
*Attorney for Defendant*

                              */s/ Mickellea M. Tennis* _____
                              John M. Snider (0024281)
                              Mickellea M. Tennis (0099955)
                              *Attorneys for Plaintiffs*